| | |
|---|---|
| JPMORGAN CHASE BANK, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>YAMASSEE TRIBAL NATION, *et al.*,<br><br>Defendants. | Case No. 1:17-cv-00759-LJO-EPG<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTIONS TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f); (2) STRIKING CERTAIN DOCUMENTS PURSUANT TO FED. R. CIV. P. 11(a), LOCAL RULE 131(b), and LOCAL RULE 183(a); AND (3) DIRECTING THE CLERK TO ENTER DEFAULT AS TO CERTAIN DEFENDANTS**<br><br>(ECF Nos. 14, 16) |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

Pending before the Court are two motions filed by Plaintiffs: Motion to Strike Improper and Untimely Pleading Captioned as "Order to Show Cause," (ECF No. 14), and Motion to Strike Improper and Untimely Pleading Captioned as "Final Order to Cease & Desist Pursuant to 25 United States Code § 1301," (ECF No. 16). Plaintiff has also requested the entry of default as to Yamassee Tribal Nation and Supreme Court of the Yamassee Native American Association of Nations.

For the reasons set forth below, Plaintiff's motions to strike, (ECF Nos. 14, 16), are DENIED IN PART AND GRANTED IN PART. Furthermore, the Clerk is directed to enter the default of Yamassee Tribal Nation and Supreme Court of the Yamassee Native American Association of Nations.

1

## I. BACKGROUND

On June 2, 2017, Plaintiff JPMorgan Chase Bank, N.A. ("Chase") commenced this action seeking declaratory and injunctive relief against Peter P. Khamsanvong, Yamassee Tribal Nation ("YTN"), Supreme Court of the Yamassee Native American Association of Nations ("SCYNAAN") (collectively, "Defendants"), and Does 1 through 10. (ECF No. 1.) Plaintiff alleges that on or about August 13, 2013, Defendant Khamsanvong obtained a residential loan for $108.989.00 secured by a deed of trust encumbering a property. Plaintiff was the servicer of the residential loan until October 1, 2015, when Carrington Mortgage Services, LLC ("Carrington") became the loan servicer. Carrington started non-judicial foreclosure proceedings on the property, and on September 30, 2016, caused a Notice of Default to be recorded against title to the property.

Plaintiff further alleges that on December 13, 2016, the Yamassee Supreme Court issued an "Order to Show Cause/Default Judgment/Writ of Restituion [sic] In The Event Defendants Fail To Respond Within 21 Days Of Receipt Of This Order" naming Chase and Jamie Dimon, Chase's Chief Executive Officer, as defendants. The Order to Show Cause alleges that Peter P. Khamsanvong is "an enrolled tribal member of the Yamassee tribal nation," and seeks remedies against the named defendants including an accounting, restitution or payment of proceeds from an alleged "securitization" of the mortgage note and damages in the amount of $25 million dollars. Plaintiff seeks an injunction against Defendants and a judicial declaration that the Yamassee Tribal Nation or the Yamassee Supreme Court lacks any personal or subject matter jurisdiction over Plaintiff or its executives.

On June 2, 2017, the Court issued an order setting a mandatory scheduling conference, pursuant to Fed. R. Civ. P. 26(f). The order directed the parties to file a joint scheduling report prior to the conference. (ECF No. 3.)

On July 6, 2017, Defendant Khamsanvong was personally served with the summons and complaint. (ECF No 4.) On August 2, 2017, Plaintiff obtained a default judgment against Defendant Khamsanvong, as he failed to appear, plead, or answer the complaint within the time allowed by law. (ECF No. 6.) On August 30, 2017, Defendants Yamassee Tribal Nation and

Supreme Court of the Yamassee Native American Association of Nations were served with the summons and complaint. (ECF No. 10, 11.)

On September 8, 2017, Defendant Khamsanvong filed three documents on the letterhead of "The Traditional Court of Equity for the Association of Original Peoples' Bands, Tribes, Clans and Communities in North America, South America, Africa and Australasia" in this action. (ECF No. 9.) The documents were docketed as, "Response on Behalf of Peter Khamsanvong." The first document entitled "Order to Show Cause" is signed by "Judge Silver Cloud Musafir," and alleges that "[t]he federal courts . . . have broken, breached, violated and destroyed the basic relationship between two sovereigns – the Indian nation . . . and a federal government." The document cites 25 U.S.C. §§ 450n, 1301 and 18 U.S.C § 1151, and states that "it is meaningless to cite and quote the hundred 'common law' principles that have no meaning, no traction or bearing when it comes to applying them in favor of Indian nations and its terms of reference." It further considers the federal court's authority to "cite[] an Indian nation as a 'defendant,'" and states that "[t]he Tribal Court requests the federal court to **cease and desist** working for outside influences and instead apply the law(s) concerning the property laws of its enrolled tribal member Peter P. Khamsanvong." (Emphasis in original.)

On September 22, 2017, Defendant Khamsanvong filed a document entitled, "Final Order to Cease & Desist Pursuant to 25 United States Code § 1301," that is signed by "Judge Silver Cloud Musafir" and on the letterhead of "The Traditional Court of Equity for the Association of Original Peoples' Bands, Tribes, Clans and Communities in North America, South America, Africa and Australasia." (ECF No. 12.) The document was docketed as, "Report by Yamassee Tribal Nation, Yamassee Native American Association of Nations and Peter Khamsanvong." The document refers to the required Rule 26(f) report, and states that the Court "has ventured a Report in the form of an Order to a tribal government judiciary challenging the latter's jurisdiction and authority." It also questions whether this Court should be sanctioned or impeached for breaking the law. The document further states that if the Court "continues to break the laws of the land especially those governing tribal governments and their inherent rights, this Tribal Court may be impelled to use arrest warrants against wrongdoers and tortfeasors as contemplated in 25 United

States Code § 1301 with which we may invoke police power."

On October 2, 2017, Plaintiff filed the pending Motion to Strike Improper and Untimely Pleading Captioned as "Order to Show Cause." (ECF No. 14.) On October 11, 2017, Plaintiff filed the pending Motion to Strike Improper and Untimely Pleading Captioned as "Final Order to Cease & Desist Pursuant to 25 United States Code § 1301." (ECF No. 16.)

On October 11, 2017, Plaintiff also filed requests for entry of default against YTN and SCYNAAN. (EFC 17, 18).

Now before the Court are Plaintiff's motions to strike, pursuant to Fed. R. Civ. P. 12(f), the documents filed by Defendant Khamsanvong. (ECF No. 14, 16.) Plaintiff argues that the Court should strike the documents because they fail to constitute an appropriate answer or response, and were filed after a default had been entered against Defendant Khamsanvong.

**II.     MOTIONS TO STRIKE**

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Under the express language of [Rule 12(f)], only pleadings are subject to motions to strike." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Rule 7 defines "pleadings" as a complaint or an answer, generally. Fed. R. Civ. P. 7. In turn, Rule 8(b) details the requirements for responding to a pleading. Specifically, when answering a complaint, the defendants must (1) "state in short and plain terms its defenses to each claim asserted against it"; and (2) "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1).

Here, the documents do not constitute pleadings as defined by the Federal Rule of Civil Procedure. They are not identified by Defendant Khamsanvong as such and do not contain language that would necessitate the Court liberally construe them as such. In addition, Plaintiff acknowledges that the documents fail to constitute an appropriate answer or response. Thus, the Court cannot strike the documents pursuant to Rule 12(f).

Nevertheless, the Court will strike the documents pursuant to Fed. R. Civ. P. 11(a), Local Rule 131(b), and Local Rule 183(a). Local Rule 183(a) provides, "A corporation or other entity may appear only by an attorney." Therefore, Defendant Khamsanvong cannot act on behalf of

4

YTN and SCYNAAN. Furthermore, Rule 11 provides, "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Local Rule 131(b) provides, "All pleadings and non-evidentiary documents shall be signed by the individual attorney for the party presenting them, or by the party involved if that party is appearing in propria persona." The documents, although filed by Defendant Khamsanvong, are not signed by him or by an attorney representing him. Thus, the documents, (ECF Nos. 9, 12.), must be stricken.

**III.   REQUESTS FOR DEFAULT**

Fed. R. Civ. P. 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Plaintiff has filed requests for entry of default as to YTN and SCYNAAN. (EFC 17, 18). Defendants YTN and SCYNAAN have failed to appear, plead, or otherwise defend this action. Thus, the Clerk is directed to enter their default in accordance with Rule 55(a).

**IV.   CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motions to strike, (ECF No. 14, 16.), are DENIED IN PART;
2. The documents docketed as ECF Nos. 9 and 12 are STRICKEN for lack of signature; and
3. The Clerk of the Court is DIRECTED to enter default as to Yamassee Tribal Nation and Supreme Court of the Yamassee Native American Association of Nations.

IT IS SO ORDERED.

Dated:   **December 27, 2017**                /s/ Erica P. Grosjean
                                                                      UNITED STATES MAGISTRATE JUDGE